UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TENNIER INDUSTRIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-247 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| AMERICAN RECREATION PRODUCTS, LLC, ) | |
| AMRON INTERNATIONAL, INC., and ) | |
| AMERICAN DISCOVERY TEXTILE ) | |
| MANUFACTURING, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Conduct Limited Jurisdictional Discovery and to Hold Defendants' Motion to Dismiss or Transfer in Abeyance [Doc. 20]. The Defendants have responded in opposition to the Motion for Leave to Conduct Limited Jurisdictional Discovery and to Hold Defendants' Motion to Dismiss or Transfer in Abeyance [Doc. 23], and on September 25, 2013, counsel for the parties appeared before the undersigned to address the Motion. The Court finds that the Plaintiff's Motion is now ripe for adjudication, and for the reasons stated herein, it will be **DENIED WITHOUT PREJUDICE**.

The Plaintiff filed this case on May 6, 2013, alleging that the Defendant infringed upon Patent No. 5,533,216, a patent describing a modular sleeping bag. Defendant filed a Motion to

Dismiss [Doc. 15] on June 11, 2013, arguing that the Court lacked personal jurisdiction over the Defendant.

Related litigation is pending in the Eastern District of Missouri. On March 7, 2013, Defendant American Recreation Products, LLC, filed suit against Plaintiff Tennier Industries, Inc., seeking a declaratory judgment of non-infringement. Plaintiff filed a motion to dismiss or transfer the Missouri action, which the District Court in Missouri has not yet ruled upon.

In its Motion for Leave to Conduct Limited Jurisdictional Discovery and to Hold Defendants' Motion to Dismiss or Transfer in Abeyance [Doc. 20], the Plaintiff moves the Court to: (1) allow discovery in the form of the proposed requests for production [Doc. 21-1], interrogatories [Doc. 21-2], and a Rule 30(b)(6) deposition of each of the three Defendants [Docs. 21-3, 21-4, 21-5], and (2) hold the Defendants' Motion to Dismiss in abeyance until discovery is completed. Plaintiff asserts that the Defendants' denial of personal jurisdiction is too general, and it submits that courts in this Circuit routinely grant plaintiffs limited jurisdictional discovery when necessary to respond to a motion to dismiss for lack of personal jurisdiction.

Defendants respond that the discovery proposed would be futile and wasteful. [Doc. 23]. Defendants submit that even if the factual allegations of the Complaint were proven, they would not support general personal jurisdiction, and thus, the discovery is not needed. Defendants maintain that the Plaintiff has not met its burden for demonstrating that this early discovery is appropriate. Defendants, alternatively, argue that a transfer to Missouri is appropriate.

In its reply [Doc. 26], Plaintiff reiterates that the discovery is necessary and relevant because the Court is to look to the totality of the Defendants' contacts with the forum state. Plaintiff also points out that in the Missouri case Defendants, themselves, sought such
2

Case 3:13-cv-00247-TAV-CCS   Document 32   Filed 09/26/13   Page 2 of 4   PageID #: 221

information when a challenge to personal jurisdiction was raised by the Plaintiff. Plaintiff submits that a transfer is premature, at this juncture.

Rule 26(d) of the Federal Rules of Civil Procedure prohibits a party from seeking discovery from another party before the parties have conducted a conference pursuant to Rule 26(f). See Fed. R. Civ. P. 26(d), (f).

A court may authorize a party to take discovery before conducting a Rule 26(f) conference in the interests of justice. See Fed. R. Civ. P. 26(d); Arista Records, LLC v. Does 1-15, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Courts within the Sixth Circuit require a showing of good cause in order to permit early discovery. See Arista Records, 2007 WL 5254326, at *2; Caston v. Hoaglin, 2009 WL 1687927, at * 2 (S.D. Ohio, Jun. 12, 2009).

In this case, the parties have not conducted a Rule 26(f) conference. Thus, the Court finds that Plaintiff is not permitted to undertake discovery, absent a showing of good cause. The Court finds that the Plaintiff has not shown good cause for permitting early discovery. The Complaint alleges each Defendant regularly conducts business within the Eastern District of Tennessee. Defendants deny this general allegation and have provided affidavits in support of their denial, see Docs. 16-1, 16-2, 16-3. At the hearing before the undersigned, the Plaintiff was called upon to cite any indicia of regular business conducted within this District, and counsel for the Plaintiff could not do so. At this juncture, there is no indication that the discovery requested would make the factual allegations pertinent to the Motion to Dismiss more or less probable.

Accordingly, the Court finds that the Plaintiff has not shown good cause for permitting early discovery, and the Motion for Leave to Conduct Limited Jurisdictional Discovery and to Hold Defendants' Motion to Dismiss or Transfer in Abeyance [Doc. 20] will be **DENIED WITHOUT PREJUDICE**.

Nonetheless, the Court finds that the parties' Rule 26(f) conference is overdue. This conference is to be conducted "as soon as practicable." Fed. R. Civ. P. 26(f)(1). This case has been pending for almost six months, and the parties have not cited the Court to any circumstance that has made it impracticable to conduct a Rule 26(f) conference. It is the Court's expectation that the parties will comply with Rule 26 and will complete this conference within the next few weeks.

To the extent the Plaintiff moves the undersigned to hold the Motion to Dismiss or Transfer in abeyance, the undersigned finds that such request is misdirected. The District Judge will rule upon the Motion to Dismiss or Transfer, and any request that such ruling be delayed should be directed to the District Judge through separate motion. Accordingly, Plaintiff's request that the Motion to Dismiss or Transfer be held in abeyance is **DENIED WITHOUT PREJUDICE**.

In sum and for the reasons stated above, Motion for Leave to Conduct Limited Jurisdictional Discovery and to Hold Defendants' Motion to Dismiss or Transfer in Abeyance **[Doc. 20]** is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge